**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WILLIAM SLOAN and
LORETTA SLOAN,

                              Plaintiffs,

v.                                             CIVIL ACTION NO.  2:05-cv-00558

GREEN TREE SERVICING LLC,

                              Defendant.


**MEMORANDUM ORDER AND OPINION**

Pending before the court is the plaintiffs' Motion To Remand [Docket 6].  The plaintiff

originally filed this action on June 8, 2005, in West Virginia state court.  Pursuant to 28 U.S.C. §

1446(a), the defendant removed the case to federal court on July 13, 2005, based on both diversity

and federal question jurisdiction.  On August 10, 2005, the plaintiffs filed the pending Motion To

Remand [Docket 6].  For the reasons discussed herein, the court **REMANDS** this case to the Circuit

Court of Kanawha County, West Virginia.


*I. Background*

The plaintiffs, William and Loretta Stone, purchased a Skyline manufactured home in April,

1999 for $36,864.  The plaintiffs contracted with GreenPoint to finance the purchase price.  The

defendant, Green Tree Servicing LLC (Green Tree), is a successor in interest to GreenPoint.  The

financing agreement required the plaintiffs to make monthly payments to GreenPoint of $343.63.

In June 2004 a storm damaged the roof of the plaintiffs' home that a contractor initially

estimated would cost the plaintiffs $5,171 to repair.  Following the plaintiffs' insurance company's

statement that it would cover only $3,125 of the repairs, the plaintiffs sought help from the defendant, who offered the plaintiffs a three-month deferment of the regular monthly payments.  In July, the plaintiffs learned that the repairs would cost more than originally estimated.  Mrs. Lewis, an agent of the defendant, allegedly told the plaintiffs they could have a four-month deferment instead of the original three-month period.

Once the repairs were completed in August, the plaintiffs began paying the contractor $443.75 a month and stopped making payments to the defendant pursuant to the alleged four-month deferment agreement.  The plaintiffs resumed making payments to the defendant in January 2005 and continued doing so through April.  On the plaintiffs' billing statement for May 11, 2005, however, the defendant claimed the plaintiffs still owed $982.60 in past payments.

The plaintiffs claim the defendant breached the duty of good faith and fair dealing by improperly crediting the plaintiffs' account, representing to the plaintiffs that they owed amounts they did not, representing to third parties that the plaintiffs were delinquent in their payments, and servicing the plaintiffs' loan in bad faith.  The plaintiffs also claim violations of West Virginia Code sections 46A-2-126, 127(d), and 128 for illegal debt collection.

The plaintiffs filed their case in the Circuit Court of Kanawha County, West Virginia, and the defendant removed it to this court alleging both diversity and federal question jurisdiction.  The plaintiffs' pending Motion To Remand contends that the court lacks both types of jurisdiction.  For the reasons explained below, the court agrees that it lacks jurisdiction in this case.

*II. Diversity Jurisdiction*

Although there is no question that the plaintiffs and defendant are diverse, the dispute must be in excess of $75,000 for this court to entertain jurisdiction.  This court has adopted a preponderance of the evidence standard for making this calculation.  *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999).  The defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 to remove a case to federal court.  To determine the amount in controversy, the court will consider the judgment that would be entered if the plaintiff prevailed on every part of the case at the time of removal.  *Id*. at 886.  The court may examine the entire record, but the face of the complaint is the starting point of this analysis.  *Id.* at 887.  In this case, the complaint is seeking a declaratory judgment, actual and punitive damages, attorneys fees, and statutory damages under the West Virginia Consumer Credit Protection Act.

The complaint was filed based on the defendant's allegation that the plaintiffs had failed to pay $982.69 in payments.  The entire purchase price of the home was only $36,864.  The defendant has attempted to persuade the court that the plaintiff is seeking an amount in excess of the requisite amount.  The defendant asserts that the plaintiff alleges nine individual violations of the West Virginia Consumer Credit Protection Act, which would amount to $35,100 in statutory penalties if true.  The defendant also contends that attorneys fees and the request for punitive damages must be considered in calculating the amount in controversy.  The defendants correctly state that the plaintiffs' stipulation in the complaint that damages do not exceed $74,900 does not have the same effect of a binding, pre-removal stipulation signed by counsel and the client that limits recovery. The preponderance of the evidence, however, does not support a finding that the requisite amount

in controversy is satisfied. Based upon the entire record, the defendant has failed to prove that it is more likely than not that the amount in controversy is greater than $75,000.

*III. Federal Question Jurisdiction*

The defendant also asserts that the court has jurisdiction over this case because of a federal question pursuant to 28 U.S.C. § 1331. The presence of federal question jurisdiction is determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule allows a plaintiff to avoid federal question jurisdiction by relying exclusively on state law. *Id.* In this case, the plaintiffs' complaint exclusively relies on state law; thus, the plaintiffs do not invoke federal question jurisdiction according to the well-pleaded complaint rule.

There is, however, an exception to the well-pleaded complaint rule if the field of state law in a given area is comprehensively preempted. In these cases, the "preemptive force of a statute is so extraordinary that any claim based on preempted state law is considered a claim arising under federal law." *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1261 (4th Cir. 1989). This exception only applies when the federal preemption provision preempts all conceivable causes of action in a certain area, not just some causes of action or just the specific cause of action at issue. *Swecker v. Trans Union Corp.*, 31 F. Supp. 2d 536, 538 (E.D. Va. 1998). The defendant, who asserts that some of the plaintiffs' allegations could be construed as violations of the Fair Credit Reporting Act (FCRA), argues this exception is applicable to claims under the FCRA. The defendant contends that the FCRA comprehensively preempts state law causes of action regarding

a furnisher's obligation to provide accurate information to consumer reporting agencies pursuant to 15 U.S.C. § 1681t(b)(1)(F).  (Def. Resp. to Pls.' Mot. To Remand 6.)

Congressional intent is the key to determining whether the complete preemption exception is applicable. *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 231 (4th Cir. 1993).  Consideration of whether the state law cause of action pleaded in the complaint is preempted by a federal statute is "completely irrelevant." *Swecker*, 31 F. Supp. at 538.  For complete preemption to permit removal, Congress must have "clearly manifested an intent to make causes of action within the scope of [the statute] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).  Most courts only recognize two statutes where Congress has manifested such intent: the Labor Management Relations Act and particular provisions of the Employee Retirement Income Security Act (ERISA). *Swecker*, 31 F. Supp. 2d at 538.  The Fourth Circuit has found several other statutes where the exception to the well-pleaded complaint rule is applicable, such as the Copyright Act, *Rosciszewski*, 1 F.3d at 232, the Federal Railway Safety Act, *Rayner v. Smirl*, 873 F.2d 60, 63 (4th Cir. 1989), and the Railway Labor Act, *Arbogast v. CSX Corp.*, 831 F.2d 290 (4th Cir. 1987). Despite expanding this exception more than most circuits, the Fourth Circuit still recognizes "the crucial importance of a congressional intent to provide removal jurisdiction." *Swecker*, 31 F. Supp. 2d at 539; *see also Rosciszewski*, 1 F.3d at 232 (explaining that in the Labor Management Relations Act, Congress explicitly stated the desire to provide for complete preemption "to foreclose any conceivable misinterpretation of its unqualified intention").  As a means of measuring congressional intent, the Fourth Circuit also inquires whether the statute provides federal courts with exclusive jurisdiction. *Swecker*, 31 F. Supp. 2d at 539.

In this case, although the FCRA may preempt some of the plaintiffs' state law causes of action, there is nothing in the FCRA or its legislative history to suggest that Congress intended these state law causes of action to be removable. *Id.*; *Harper v. TRW, Inc.*, 881 F. Supp. 294, 299 (E.D. Mich. 1995). Congress also provided concurrent jurisdiction for "any other court of competent jurisdiction" to hear FCRA actions. 15 U.S.C. § 1681p (2000). Like other courts that have considered whether state law claims are removable under the FCRA, this court holds they are not, even if FCRA preemption could be used as a defense. *Rule v. Ford Receivables, Inc.*, 36 F. Supp. 2d 335, 339 (S.D. W. Va. 1999); *Swecker*, 31 F. Supp. 2d at 540; *Sherron v. Private Issue by Discover*, 977 F. Supp. 804, 807 (N.D. Miss. 1997); *Harper*, 881 F. Supp. at 299. "The availability of [a] defense is not equivalent to a mandate for federal jurisdiction." *Swecker*, 31 F. Supp. 2d at 540.

The defendant contends that "[c]ourts interpreting [15 U.S.C. § 1681t(b)(1)(F)] have found that it completely preempted all state law causes of action." (Def. Resp. to Pls.' Mot. To Remand 7.) For this proposition, the defendant cites two United States District Court cases, *Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228 (D. Wyo. 2002), and *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001). (Def. Resp. to Pls.' Mot. To Remand 7.) The defendant has misread the caselaw. Neither *Hasvold* or *Jaramillo* deal with the situation where a court has to determine whether the FCRA's preemption scheme is so comprehensive to fall within the limited exception to the well-pleaded complaint rule. Instead, both of those cases considered whether the FCRA preempted the plaintiff's state law causes of action. As stated above, this court presently is not concerned with whether particular parts of the plaintiffs' claim are preempted by the FCRA. It is only concerned with whether Congress intended the FCRA to completely preempt all state causes

of action in this area to the extent that it would qualify as an exception to the well-pleaded complaint rule.  As explained above, courts that have considered this issue have held that Congress did not intend the FCRA to operate in this manner.  Accordingly, this court **FINDS** that removal in this case on federal question grounds was improper.

*IV. Conclusion*

The court **FINDS** it lacks diversity jurisdiction over this matter because the requisite amount in controversy is not satisfied.  The court also **FINDS** it lacks federal question jurisdiction over this matter because the plaintiffs' well-pleaded complaint could not have invoked the original jurisdiction of this court and the exception to the well-pleaded complaint rule is inapplicable to this case.  Because the court has found it lacks subject matter jurisdiction over this matter, the court **GRANTS** the plaintiff's Motion To Remand and **ORDERS** that the case be remanded back to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 30, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE